IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JODY LYNN FERGUSON, as personal representative of the ESTATE OF MARK ERWIN FERGUSON,<br><br>  Plaintiff,<br>v.<br><br>MUSKEGON COUNTY, a municipal corporation; DEAN ROESLER, in his individual and official capacity as Muskegon County Sheriff; LT. MARK BURNS, in his individual and official capacity as Jail Administrator, SGT. TODD GILCHRIST, in his individual and official capacity as Interim Jail Administrator, and CORRECTIONAL OFFICERS TRACY LONGMIRE, and IVAN MORRIS, in their individual and official capacities,<br><br>  Defendants. | Case No.  1:16-cv-1099<br><br>Hon. Paul L. Maloney |

| | |
|---|---|
| Nicholas B. Roumel (P37056)<br>Joseph X. Michaels (P79084)<br>NACHT & ROUMEL, P.C.<br>101 N. Main Street, Ste. 555<br>Ann Arbor, MI 48104<br>(734) 663-7550<br>nroumel@nachtlaw.com<br>jmichaels@nachtlaw.com | Allan C. Vander Laan (P33893)<br>Joshua P. Fahlsing (P72737)<br>Cummings, McClorey, Davis & Acho<br>Attorneys for Defendants<br>2851 Charlevoix Dr., S.E. Suite 237<br>Grand Rapids, MI 49546<br>(616) 975-7470<br>avanderlaan@cmda-law.com<br>jfahlsing@cmda-law.com |

## JOINT STATUS REPORT

A Rule 16 Scheduling Conference is scheduled for December 16, 2017, before  Hon. Paul L. Maloney. Appearing for the parties as counsel will be Joseph X. Michaels for plaintiff, and Joshua P. Fahlsing for defendants.

1. **Jurisdiction:** The basis for the court's jurisdiction under 28 U.S.C. § 1331 and § 1343(a)(4), as the claims asserted allege violations of federal constitutional law.

Objections to Jurisdiction:

2. **Jury or Non−jury:** This case is to be tried before a jury.

3. **Judicial Availability:** The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4. **Statement of the Case:**

Plaintiff's Claims: This is a civil rights action stemming from the suicide of the decedent, Mark Erwin Ferguson, ("Mr. Ferguson or Mark") while he was held in pre-trial custody at the Muskegon County Jail in November 2014. During his incarceration, Mr. Ferguson suffered severe anxiety and depression that constituted a serious medical emergency with an imminent risk of suicide. Mr. Ferguson's medical emergency was well known by staff and other inmates in the jail, and the night before he died Mr. Ferguson specifically requested to see a medical professional regarding his mental health issues and imminent risk of suicide, but no action was taken on his request.

In fact, throughout his incarceration Mr. Ferguson was never once provided with mental health services of any kind. In accordance with the pattern and practice of Muskegon County, Mr. Ferguson was deliberately denied necessary medical services despite the imminent risk of suicide. Mr. Ferguson was not seen by a medical professional upon booking, did not receive a physical within 14 days of his incarceration as required by state law, and was rebuffed when he made a specific request for assistance to Sheriff's deputies at Muskegon County Jail.

Sheriff's deputies at the Jail were on actual notice of Mr. Ferguson's imminent risk of suicide and were deliberately indifferent to his serious medical needs. Consequently, on November 18, 2014, Mr. Ferguson hanged himself with a bed sheet in his cell. After his death, Jail officials originally told Mr. Ferguson's family that he had grown "despondent" and "depressed" in jail, but later changed their stories and willfully spoliated evidence in an attempt to hide the truth.

On behalf of the Estate of Mark Erwin Ferguson, his widow, Jody Lynn Ferguson, as the duly appointed personal representative thereof seeks all appropriate relief resulting from the constitutional violations inflicted on Mark Erwin Ferguson by the Defendants while acting under color of state law pursuant to 42 U.S.C. § 1983.

<u>Defendants' Defenses - Statement of Case:</u>

These Defendants rely upon their Answer and Affirmative Defenses to Plaintiff's Complaint.  Defendants did not violate any of Plaintiff's federal constitutional rights or state law. Defendants assert Plaintiff's civil rights claims are also barred by qualified immunity and state law claims are barred by governmental immunity.

Plaintiff did not show signs of serious depression or anxiety at any time during his incarceration. He did not exhibit any signs of a medical emergency that were known to staff, other inmates or his family. He did not request to see a medical professional regarding any mental health issues. Plaintiff was never denied mental health services. Plaintiff's statements about what officials allegedly told the family are wrong. Defendants did not spoliate evidence in an attempt to hide anything. Plaintiff's decedent was accused of sexual misconduct with his stepdaughter.  His actions and his alone were the proximate cause of his death.

5. **Pendent State Claims:** This case does not include pendent state claims.

6. **Joinder of Parties and Amendment of Pleadings:** The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by February 28, 2017.

7. **Disclosures and Exchanges:**

(a) The parties propose the following schedule for Rule 26(a)(1) disclosures: each party will make such disclosures by January 20, 2017.

(b) The parties propose the following schedule for Rule 26(a)(2) disclosures:

<u>Plaintiff</u> expects to be able to furnish the names of plaintiff's expert witnesses by April 17, 2017. <u>Defendants</u> expect to be able to furnish the names of the defendants' expert witnesses by May 17, 2017.

It would be advisable in this case to exchange written expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2). Reports, if required, should be exchanged according to the following schedule:

<u>Plaintiff</u> expects to be able to furnish the reports of plaintiff's expert witnesses by May 22, 2017. <u>Defendants</u> expect to be able to furnish the reports of the defendants' expert witnesses by June 22, 2017.

The parties have agreed to make available the following documents without the need of a formal request for production:

<u>From plaintiff to defendants</u>: All documents referenced in the Complaint, including relevant Jail incident reports, decedent's medical examiner case report, decedent's booking report, decedent's Medical intake questionnaire, and decedent's jail log.

<u>From defendants to plaintiff</u>: Defendants understand that Plaintiff has received numerous documents through FOIA request. Any request for policies and procedures of the

jail, or individual defendants' personnel files may be provided with an appropriate Protective Order.

8.  **Discovery:** The parties believe that all discovery proceedings can be completed by June 19, 2017. The parties recommend the following discovery plan:

(a) <u>Plaintiff</u> will seek factual discovery, including but not limited to the occurrences as alleged in the complaint, the identity and expected testimony of witnesses, both lay and expert.

(b) <u>Defendants</u> will seek factual discovery, including but not limited to the occurrences as alleged in the complaint, the identity and expected testimony of witnesses, both lay and expert, and the damages suffered by plaintiff, if any.

(c) <u>Limits:</u> The parties agree to limit interrogatories to 25 questions including subparts from plaintiff, and cumulatively from defendants. The parties agree to limit depositions to 10 for plaintiff, and 10 cumulatively from defendants. Depositions shall be limited to 7 hours. There is no limit on requests for production or things and requests for admissions.

(d) <u>Protective Order:</u> The parties have discussed the possibility of a protective order and do not believe one is needed at this time, but should circumstances arise that require confidentiality in certain information, the parties will revisit this issue. Defendants assert that a Protective Order will be needed if individual Defendants' personnel files and/or policies and procedures of the jail are requested.

9.  **Disclosure or Discovery of Electronically Stored Information**: The parties have discussed the production of electronically stored information and suggest that such information be handled as follows: preserve all electronically stored data and produce it in

electronic form, or if not voluminous, may be produced in paper form. Upon agreement, or the absence of agreement upon a finding of good cause by the court, the parties will permit inspection of computers, servers and the like by expert witnesses under appropriate terms and conditions.

10. **Assertion of Claims of Privilege or Work−Product Immunity After Production:** The parties have agreed to the following procedure to address claims of privilege or work product immunity for items inadvertently produced during discovery: The parties will confer and upon request, the item will be returned with no copies being retained and no use of the information particular to said documents.

11. **Motions:** The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed. All nondispositive motions shall be accompanied by a separately filed certificate setting forth in detail the efforts of the moving party to comply with the obligation created by Rule 7.1(d).

The following dispositive motions are contemplated by each party:

Plaintiff:    none.

Defendants:  Motion for Summary Judgment - July 3, 2017.

12. **Alternative Dispute Resolution:** The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution:

Plaintiff supports voluntary facilitative mediation (W.D. Mich. LCivR 16.3), early neutral evaluation (W.D. Mich. LCivR 16.4), and/or case evaluation without the rejecting party's liability for costs.(MCR 2.403 and W.D. Mich. LCivR 16.5). Plaintiff will also consent to a settlement conference with the judge or magistrate. Plaintiff is open to the first two methods of ADR at any time; the latter two should take place after discovery but before dispositive motions.

Defendants request case be submitted to Facilitation.

13. **Length of Trial:** Counsel estimate the trial will last approximately 9 days total, allocated as follows: 5 days for plaintiff's case, 4 days for defendants' case.

14. **Prospects of Settlement:** The status of settlement negotiations is: plaintiff has offered to engage in voluntary facilitative mediation with defendant. Any settlement will require probate court approval.

15. **Other:**

Jointly submitted this 13th day of December, 2016:

/s/ Joseph X. Michaels                           /s/ Allan C. Vander Laan
Joseph X. Michaels                               Allan C. Vander Laan
Attorney for plaintiff                           Attorney for defendants