IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JODY LYNN FERGUSON, as personal representative of the ESTATE OF MARK ERWIN FERGUSON,

    Plaintiff,

v.

MUSKEGON COUNTY, a municipal corporation; DEAN ROESLER, in his individual and official capacity as Muskegon County Sheriff; LT. MARK BURNS, in his individual and official capacity as Jail Administrator, SGT. TODD GILCHRIST, in his individual and official capacity as Interim Jail Administrator, and CORRECTIONAL OFFICERS TRACY LONGMIRE, and IVAN MORRIS, in their individual and official capacities,

    Defendants.

Case No. 1:16-cv-1099

Hon. Paul L. Maloney

---

| | |
|---|---|
| Nicholas Roumel (P37056)<br>Joseph X. Michaels (P79084)<br>NACHT & ROUMEL, P.C.<br>Attorneys for Plaintiff<br>101 N. Main Street, Ste. 555<br>Ann Arbor, MI 48104<br>(734) 663-7550<br>nroumel@nachtlaw.com<br>jmichaels@nachtlaw.com | Allan C. Vander Laan (P33893)<br>Curt A. Benson (P38891)<br>Cummings, McClorey, Davis & Acho<br>Attorneys for Defendants<br>2851 Charlevoix Dr., S.E. Suite 237<br>Grand Rapids, MI 49546<br>(616) 975-7470<br>avanderlaan@cmda-law.com<br>cbenson@cmda-law.com |

## PLAINTIFF'S MOTION TO COMPEL ANSWERS

Plaintiff JODY LYNN FERGUSON, as personal representative of THE ESTATE OF MARK ERWIN FERGUSON, by and through her attorneys, NACHTLAW, P.C., moves this Honorable Court pursuant to Fed. R. Civ. 37(a) to enter an order compelling Defendants to answer discovery and produce documents requested by Plaintiff, and in support states:

1. Plaintiff filed this action on September 6, 2016 alleging constitutional violations of decedent's civil rights, Dkt #1.

2. On January 18, 2017 Plaintiff served Plaintiff's First Sets of Interrogatories and First Requests for Production of Documents to each named Defendant via email and U.S. Mail. [Exhibit 1] After multiple extensions and requests for additional time, Defendants finally served their responses on May 23, 2017. [Exhibit2] Those answers were incomplete. Defendant failed to respond to certain requests and made evasive or incomplete disclosures to other requests. Fed. R. Civ. P. 37(a)(2)(B),(a)(3).

3. Defendant Morris either failed to answer or provide complete answers to Interrogatories 8, 9, 12, 14 and 15, and document requests 4 and 6.

4. Defendant Burns either failed to answer or provide complete answers to Interrogatories 8, 9, 12, 14 and 15, and document requests 4 and 6.

5. Defendant Gilchrist either failed to answer or provide complete answers to Interrogatories 8, 9, 12, 14 and 15, and document requests 4 and 6.

6. Defendant Longmire either failed to answer or provide complete answers to Interrogatories 8, 9, 12, 14 and 15, and document requests 4 and 6.

7. Defendant Muskegon County either failed to answer or provide complete answers to Interrogatories 6, 7, 8, and document requests 6, 18, and 34.

8. All interrogatories and requests were properly submitted pursuant to Fed. R. Civ. Pro. 26, 33, and 34.

9. Plaintiff's discovery requests clearly fall within the scope of discovery outlined by the Federal Rules of Civil Procedure as relevant, not privileged, and as necessary for proper trial preparation, including information that Defendant has not provided.

10.    If Defendant is not compelled to respond fully and completely to Plaintiff's discovery requests, Plaintiff will suffer undue hardship and prejudice and will be unable to prepare for trial.

11.    Plaintiff's attorneys certify that they have, in good faith, conferred with Defendant's counsel of record in an effort to secure the information and material requested without court action, including via email and telephone conversations. Plaintiff requested concurrence in this motion on June 26, 2017; concurrence was not given.

**WHEREFORE**, Plaintiff JODY LYNN FERGUSON, as personal representative of THE ESTATE OF MARK ERWIN FERGUSON asks this Honorable Court to grant her motion and compel Defendant to respond in full to her interrogatories and document requests within seven days, pursuant to Fed. R. Civ. P. 37.

Respectfully submitted,

NACHTLAW, P.C.

/s/JOSEPH MICHAELS
Joseph Michaels (P79084)
*Attorneys for Plaintiff*
101 N. Main Street, Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
jmichaels@nachtlaw.com

Date:   July 7, 2016

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JODY LYNN FERGUSON, as personal representative of the ESTATE OF MARK ERWIN FERGUSON,

    Plaintiff,

v.

MUSKEGON COUNTY, a municipal corporation; DEAN ROESLER, in his individual and official capacity as Muskegon County Sheriff; LT. MARK BURNS, in his individual and official capacity as Jail Administrator, SGT. TODD GILCHRIST, in his individual and official capacity as Interim Jail Administrator, and CORRECTIONAL OFFICERS TRACY LONGMIRE, and IVAN MORRIS, in their individual and official capacities,

    Defendants.

Case No. 1:16-cv-1099

Hon. Paul L. Maloney

---

| | |
|---|---|
| Nicholas Roumel (P37056)<br>Joseph X. Michaels (P79084)<br>NACHT & ROUMEL, P.C.<br>Attorneys for Plaintiff<br>101 N. Main Street, Ste. 555<br>Ann Arbor, MI 48104<br>(734) 663-7550<br>nroumel@nachtlaw.com<br>jmichaels@nachtlaw.com | Allan C. Vander Laan (P33893)<br>Curt A. Benson (P38891)<br>Cummings, McClorey, Davis & Acho<br>Attorneys for Defendants<br>2851 Charlevoix Dr., S.E. Suite 237<br>Grand Rapids, MI 49546<br>(616) 975-7470<br>avanderlaan@cmda-law.com<br>cbenson@cmda-law.com |

**PLAINTIFF'S BRIEF IN SUPPORT OF HER MOTION TO COMPEL**

## TABLE OF CONTENTS

**PLAINTIFF'S MOTION TO COMPEL ANSWERS**..................................................................1

**TABLE OF AUTHORITIES** ................................................................................................... ii

**I.   STATEMENT OF FACTS** ...............................................................................................3

**II.  ARGUMENT**......................................................................................................................5

   *A.  Controlling Standard* ................................................................................................ 5

   *B.  Defendants' Responses Are Incomplete* ................................................................... 7

      i. Defendants have not produced clearly relevant information regarding contemporaneous communications.................................................................................................... 7

      ii. Defendant Muskegon County has objected to clearly relevant "pattern and practice evidence" under *Monell*......................................................................................... 9

      iii. Defendants have given evasive and non-responsive answers as to whether they have preserved evidence related to Mr. Ferguson......................................................... 11

      iv. Defendants must identify every statement they have given on this case, including whether they were the source of the statements referenced in the medical examiner's report ................................................................................................................... 13

**III. CONCLUSION** ................................................................................................................14

# TABLE OF AUTHORITIES

**Cases**

*Adkins v. Wolever*, 554 F.3d 650 (6th Cir. 2009) ........................................................... 12

*Berry v. City of Detroit,* 25 F.3d 1342 (6th Cir. 1994) ..................................................... 10

*Irwin v. Airco Carbide*, 837 F.2d 724 (6th Cir. 1987) ........................................................ 6

*Miller v. Calhoun Cty.*, 408 F.3d 803 (6th Cir. 2005) ...................................................... 11

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 (1978). ............................................ 10, 11

*Monistere v. City of Memphis*, 115 F. App'x 845 (6th Cir. 2004) .................................... 11

**Rules**

Fed. R. Civ. P. 26 ...................................................................................................... 6, 7, 9

Fed. R. Civ. P. 34(2)(C) ...................................................................................................... 7

Fed. R. Civ. P. 37(a)(2)(B),(a)(3) .................................................................................... 2, 4

Fed. R. Civ. P. 37(a)(3). .................................................................................................. 5, 12

Federal Rule of Civil Procedure 26(b)(1) ........................................................................... 6

## I.   STATEMENT OF FACTS

Plaintiff Jody Lynn Ferguson is the widow of decedent Mark Erwin Ferguson, and personal representative of his estate. Mr. Ferguson was a former pre-trial detainee held at Muskegon County Jail, a correctional and holding facility operated by Defendant Muskegon County. Mr. Ferguson committed suicide in November 2014, in the "old" Muskegon County Jail. Since that time, the County has built an entirely new facility, which opened in 2015.

During his incarceration, Mr. Ferguson suffered severe anxiety and depression that constituted a serious medical emergency with an imminent risk of suicide. Mr. Ferguson's medical emergency was known by staff and other inmates in the jail, and per other inmates, the night before he died Mr. Ferguson specifically requested to see a medical professional regarding his mental health issues and imminent risk of suicide, but no action was taken on his request.

The evidence produced in a previous FOIA lawsuit indicate that throughout his incarceration Mr. Ferguson was never once provided with mental health services of any kind. Mr. Ferguson was not seen by a medical professional upon booking, did not receive a physical within 14 days of his incarceration as required by state law. Consequently, on November 18, 2014, Mr. Ferguson hanged himself with a bed sheet in his cell. After his death, Jail officials originally told Mr. Ferguson's family that he had grown "despondent" and "depressed."

Immediately following his death, Mr. Ferguson's suicide was investigated by Detectives Brian Harris and Lisa Freres of the Muskegon County Sherriff's Department. The investigation was not refereed to the Michigan State Police or an outside agency. The detectives prepared a report in which they interviewed only fellow inmates, and did not record or otherwise document a single statement from a guard on duty. [Exhibit 3]. Mr. Ferguson's body, however, was examined by the County's medical examiner, who reported: "Recently, the decedent had been asking other

3

inmates to pray for him. <u>Staff and other inmates report</u> the decedent was feeling bad (emotionally) lately. Last week, his wife was scheduled to visit and did not show. This week, again he had no visitors." [Exhibit4] (emphasis added).

Also, in the time frame following Mr. Ferguson's death, multiple jail officials and employees congregated in the "2W dayroom" near Mr. Ferguson's cell. A video recording of the two hours following the incident, show multiple County officials texting, making phone calls, and otherwise using their cellular phones.[See Exhibit 1, attachment A]

In the weeks following Mr. Ferguson's death, all deputies on duty at the time of his death gave a statement entitled "Jail Incident Supplement" supposedly outlining their actions as and observations as they related to Mr. Ferguson's death. [Exhibit 5]

On December 5, 2014, less than two weeks after Mr. Ferguson's suicide, Plaintiff's counsel sent Muskegon County a preservation letter asking them to take affirmative steps to preserve evidence related to Mr. Ferguson's death. The preservation letter *specifically* instructed the County to take affirmative steps to preserve evidence on the personal devices of those guards with supervision over Mr. Ferguson. [Exhibit 6].

On January 18, 2017 Plaintiff served Plaintiff's First Sets of Interrogatories and First Requests for Production of Documents to each named Defendant via email and U.S. Mail. [Exhibit 1]. After multiple extensions and requests for additional time, Defendants finally served their responses on May 23, 2017. [Exhibit 2] Those answers were incomplete. Defendant failed to respond to certain requests and made evasive or incomplete disclosures to other requests. Fed. R. Civ. P. 37(a)(2)(B), (a)(3).

Specifically and as described below more fully, Defendants' responses were deficient in the following regards

- All Defendants refused to identify or otherwise respond to interrogatories regarding what personal or cell phone numbers used during the period of Mr. Ferguson's incarceration. All Defendants refused to produce requested phone records for the months of November and December 2014.

- Each Individual Defendant gave a non-responsive answer regarding whether any agent of Muskegon County ever instructed them to preserve evidence. Instead, their answers simply stated they did not have any evidence related to Mr. Ferguson, not whether they were instructed to preserve any evidence.

- Each individual Defendants stated their only statements regarding Mr. Ferguson were given to legal counsel, an answer which is contradicted by the "Jail incident supplements" and the medical examiner's report.

- Defendant Muskegon County objected wholesale to the production documents related to prior suicide attempts at the jail. Only extremely limited documents were produced regarding attempts in 2017. Nothing is included regarding any suicide attempts in the time frame relevant to this suit, and Muskegon County did not specify whether additional documents were being withheld.

- Defendant Muskegon County objected wholesale to the production documents related to prior allegations of excessive force or failure to intervene made against the deputies with authority over Mr. Ferguson.

On June 26, 2107, Plaintiff's Counsel contacted Defense Counsel regarding these issues. Defense Counsel stated he would review the issues raised, but to date no supplemental or additional responses have been served. Plaintiff now brings this motion to compel answers as the requested information is not privileged, is relevant, and is reasonably calculated to lead to the discovery of admissible information.

## II.   LEGAL ARGUMENT

### A.   *Controlling Standard*

Where one party fails to answer the discovery request of an opposing party, the rules provide that upon motion the court may issue an order compelling discovery. Fed. R. Civ. P. 37(a). For purposes of a motion to compel, "an evasive or incomplete . . . answer or response is to be treated as a failure to . . . answer or respond." Fed. R. Civ. P. 37(a)(3). Defendants have failed to answer or has

5

not answered fully a number of Plaintiff's Document Requests. Plaintiff requests this Court to compel Defendants to answer Plaintiff's discovery requests forthwith.

Federal Rule of Civil Procedure 26(b)(1) provides that, "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The Rule was recently amended; however the Advisory Committee notes explicitly recognize the amendment simply "restor[ed] the proportionality calculation to Rule 26(b)(1)" that had been muddied in 1993 Rule amendments. The Rule change was not intended to import a new method of affording discovery. Moreover, the notes explain that "the change does not place on the party seeking discovery the burden of addressing all proportionality considerations."

With regard to those considerations, since at least the 1983 amendments to the Federal Rules, the Advisory Committee has recognized the unique public role played by private attorneys general (plaintiffs) enforcing civil rights. The notes thus "recognize[d] that many cases in the public policy spheres, such as employment practices, free speech, and other matters, may have importance beyond the monetary amount involved." Fed. R. Civ. P. 26(b) advisory committee's notes on 1983 amendments (emphasis added). Upon recent adoption of the amendment to the discovery standard cited above, the Rules Committee felt it was important enough to emphasize this consideration that it repeated the above text in the new comments to the latest amendment, reiterating the importance of civil rights enforcement. *See also Irwin v. Airco Carbide*, 837 F.2d 724, 726 (6th Cir. 1987).

The amended Rule's direction to consider the parties' relative access to relevant information

6

requires the Court to focus on what often is called "information asymmetry." As the Rules Committee explained:

> One party — often an individual plaintiff — may have very little discoverable information. The other party may have vast amounts of information, including information that can be readily retrieved and information that is more difficult to retrieve. In practice these circumstances often mean that the burden of responding to discovery lies heavier on the party who has more information, ***and properly so***.

Fed. R. Civ. P. 26 Advisory Committee Notes 2015 (emphasis added).

The federal rules also place the burden on a party seeking to prevent discovery to specify the basis for the objection and to state whether or not they have withheld responsive information pursuant to the objection. Fed. R. Civ. P. 34(2)(C). As this Court is well aware, it is entitled to compel production of materials, per Federal Rules 33, 34, 37.

### B. *Defendants' Responses are Incomplete*

   i. <u>Defendants have not produced clearly relevant information regarding contemporaneous communications</u>

Plaintiff served narrowly-tailored document requests asking for contemporaneous communications during the time period of Mr. Ferguson's incarceration. From a review of the video tape depicting the two hours after Mr. Ferguson's death, deputies were regularly using cellular phones to communicate while on duty and while on jail premises during the aftermath of the death of an inmate. Still shots of individuals using their phones were attached as Exhibit A to Plaintiff's discovery requests to Muskegon County. Accordingly, Plaintiff served the following discovery requests.

- Plaintiff requested the County Identify each individual depicted using a cell phone in the video recording, stating "provide the phone number, device make, model, and serial number, and phone carrier for each device pictured, and "State all methods used to preserve or retain electronically stored information on these devices that may relate to Mr. Ferguson or his death." [Interrogatory 6];

7

- Plaintiff requested that each Individual Defendant "[i]dentify by brand and model (for example, Apple iPhone 6s) each cellular phone used by you from October 31, 2014 until the present" and to state the phone number, provider, account number, date range the phone was used, and who currently possesses the phone. [Interrogatory 8];

- Plaintiff requested that each individual Defendant "Identify each email account used by you from October 31, 2014 until the present and as to each account, "and state the precise email address used, the date ranges during which the email account was used, and if the email account as no longer used, why not." [Interrogatory 9];

- Plaintiff requested each individual defendant "Produce complete copy of the telephone and text message records for the months of November and December 2014 for the devices/cell phone numbers identified in response to Interrogatory No. 6." [Document Request 6];

- Plaintiff requested that each Defendant "produce a complete copy of any written communication, in any form including, but not limited to, memoranda, emails, text messages, letters, instant messages, and/or any written or electronic documentation of any type that in any way relates, references, or refers to Jody Ferguson or Mark Erwin Ferguson." [Document Request 4].

Defendants did not produce a single communication in response to these requests. Defendants objected outright to even the identification of personal devices. Defendants did identify those County devices used by those Defendants provided with County-issued cell phones, but did not produce any records related to these phones, instead stating that Plaintiff would have to subpoena their carrier. However, phone and text message records remain in the custody of the Defendant and must be produced, notwithstanding any ability to subpoena a third party for the same records. Moreover, Defendants have not even stated whether they have reviewed any of these devices for information related to Mr. Ferguson. Defendants have not even produced the text messages or call records for the day of Mr. Ferguson's suicide, when Defendant Gilchrist was clearly shown using his cell phone.

Defendant objects on the grounds that this discovery is "irrelevant and not reasonably

8

calculated to lead to the discovery of admissible evidence." However, it is difficult to imagine more relevant evidence than communications made immediately prior to and following Mr. Ferguson's death. Plaintiff is entitled to review these records to determine if any of the Defendants discussed or mentioned Mr. Ferguson.

Moreover, this is not a fishing expedition or attempt to discovery personal information. The tape clearly shows that these phones were used regularly while on duty after the death of an inmate. It is a near certainty that Mr. Ferguson was the topic of conversation during these texts and phone calls. Furthermore, Plaintiff narrowed its request for phone records only to the two months at issue in this case; Mr. Ferguson was arrested on October 31, 2014, and committed suicide on November 17 of that year. Plaintiff's counsel sent its aforementioned preservation letter on December 5, and deputies were still submitting their jail incident supplements in December. Plaintiff sought records only for November and December 2014. Any phone records produced would be subject to the Court's March 20, 2017 protective order, protecting the disclosure of any confidential or private information. The information sought by Plaintiff in these requests is relevant to her causes of action, may lead to discovery of other relevant information, and is clearly discoverable under the federal rules. Fed. R. Civ. P. 26(b).

    *ii.*     <u>Defendant Muskegon County has objected to clearly relevant "pattern and practice evidence" under *Monell*</u>

Plaintiff has also sought information relative to prior suicide attempts at the jail, and prior allegations against the deputies who supervised Mr. Ferguson. Specifically, Plaintiff requested the following information from the County:

- Identify each and every attempted suicide by an inmate at the Muskegon County Jail in the past ten (10) years, stating the date of the suicide attempt, the name and contact information of the inmate involved, the method of suicide used, whether the inmate died as a result of the suicide attempt, whether an investigation was performed regarding the suicide attempt, and

9

what if any changes to policies or procedures Muskegon County instituted as a result of the suicide attempt. [Interrogatory 8]

- Produce all documents related to accusations of excessive force, or failure to medically intervene against any of the deputies who had supervision of Mark Erwin Ferguson. [Document Request 18]

- All documents relating to prior suicide or suicide attempts by inmates at the Muskegon County Jail. [Document Request 38]

In a follow-up telephone conversation, Plaintiff's counsel agreed to limit these requests regarding past suicide attempts to only the past five (5) years. Even so, Defendants did not produce relevant information. Muskegon County's answers object wholesale to interrogatory 8. In response to the interrogatory, the County does not <u>identify a single suicide attempt at the jail.</u> Muskegon County identifies only the documents it produced as Exhibit 7, which appears to be list of 43 suicidal inmates in 2017 only, and a single investigation report from March 2017. [Exhibit 7]. The list states only a name and a case ID, and no documents of any kind are included to identify or determine what happened.

It is clear that additional information is being withheld. If there were 43 documented suicidal inmates in 2017 alone, there are bound to be additional suicide attempts in the prior years. No records were produced from any time at the "old Jail", where Mr. Ferguson was actually incarcerated. For each suicide attempt, Muskegon County must state all information sought in Interrogatory 8, and produce any and all incident reports or similar documents.

This information is plainly relevant to Plaintiff's claims against the County under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). To hold the County liable for the actions of its agents, Plaintiff must prove that there was a pattern and practice of unconstitutional behavior that showed a deliberate indifference to Mr. Ferguson's civil rights. *See Berry v. City of Detroit,* 25 F.3d 1342, 1346 (6th Cir. 1994) (overturning jury verdict against City under Section 1983 because of insufficient

evidence of an unconstitutional practice of failure to train police officers regarding the use of deadly force). Past suicide attempts and the County's response, if any, is clearly relevant to a pattern or practice of deliberate indifference to suicidal tendencies as alleged in Count II of Plaintiff's Complaint.

Muskegon County's objects to discovery of this information as being "vague, overly broad and ambiguous, not relevant, nor reasonably calculated to lead to the discovery of admissible evidence". However, as it relates to Plaintiff's *Monell* claims against the County, this information is plainly relevant. In fact, Plaintiff will likely be required to show similar instances of failure to intervene in mental health emergencies to succeed against the County. See *Miller v. Calhoun Cty.*, 408 F.3d 803, 815 (6th Cir. 2005) ("The District Court properly found that Miller failed to make the threshold showing of a clear and persistent pattern of mistreatment of detainees") "*Monell* and its progeny have declared that a municipality is subject to liability under § 1983 only if the claimed injuries were caused by a policy or custom of the municipality: It is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983. *Monistere v. City of Memphis*, 115 F. App'x 845, 847 (6th Cir. 2004) (internal citations and quotations omitted).

In this case, Plaintiff must be given a fair opportunity to prove its allegations that the County has an unconstitutional custom of ignoring inmates with mental health issues. It simply cannot do so when Defendant refuses to provide even basic information regarding similar instances of suicidal inmates at the jail. This information must be produced.

    iii.    <u>Defendants have given evasive and non-responsive answers as to whether they have preserved evidence related to Mr. Ferguson</u>

Plaintiff also served interrogatories and document requests seeking to discovery all efforts

11

undertaken by the County to preserve evidence related to Mr. Ferguson. In the prior FOIA lawsuit, it became known that Defendant Muskegon County undertook extremely limited actions to preserve evidence related to Mr. Ferguson. Only a limited tape recording was preserved, and all other video was taped over due to a 30-day recording loop, notwithstanding the fact that the County had received a preservation letter well before the 30 days expired. Accordingly, no video evidence of Mr. Ferguson alive was preserved.

Plaintiff served interrogatories to determine the extent of the Defendants' preservation efforts and whether a spoliation instruction will be appropriate. *See Adkins v. Wolever*, 554 F.3d 650 (6th Cir. 2009). Plaintiff asked the following of each individual Defendant.

- Identify all actions you have taken to preserve or retain email, text messages or phone records related to Mark Erwin Ferguson and/or his death. [Interrogatory 14]

- State whether any non-attorney individual, agent, or employee of Muskegon County ever instructed you to preserve or retain electronically stored information related to Mr. Ferguson and/or his death. For each instruction state the name and job title of the person who instructed you, the date on which the instruction was made, who else was present, and what specific actions you were instructed to take. [Interrogatory 15]

Defendants responded only by saying they did not have did not have any evidence related to Mr. Ferguson. This is a non-responsive and evasive answer to an entirely different question. If in fact Muskegon county did not instruct the individual defendants to preserve evidence, and they took no actions to do so, that must be answered, notwithstanding the fact they may not have had any such evidence to preserve. For purposes of this motion," an evasive or incomplete . . . answer or response is to be treated as a failure to . . . answer or respond." Fed. R. Civ. P. 37(a)(3).

Plaintiff also asked Muskegon County for the following information.

- Identify all actions the County has undertaken to preserve or retain documents and electronically stored email, text messages or phone calls related to Mr. Ferguson and/or his death, including those on personal devices, and state the date of any such action, the individual(s) responsible for such action, and the specific actions taken.

12

[Interrogatory 7]

Muskegon County responded by objecting to the use of the word "All" as vague and overbroad, and stated "the interrogatory is vague and confusing. This objection is plainly meritless. The County must respond, in writing, as to what efforts it took to preserve evidence. And while, the County states this information was "produced to plaintiff's counsel during the FOIA litigation," it points to no specific document or information from which to determine what actions were undertaken. Plaintiff's counsel is unaware of such information having been produced in the FOIA litigation, and even if it was, Plaintiff should have the opportunity in this case to receive answers under oath regarding what actions were undertaken to preserve evidence.

  iv. <u>Defendants must identify every statement they have given on this case, including whether they were the source of the statements referenced in the medical examiner's report</u>

Plaintiff also served a standard interrogatory regarding statements given by the individual Defendants. Plaintiff asked the following:

- Have you ever given a statement or interview of any kind, written or oral, to any investigator, inspector, medical examiner, or law enforcement officer, including employees of Muskegon County, regarding the death of Mark Erwin Ferguson? If so, for each statement or interview, state the date and time of the statement or interview, the name, job title, employer, and contact information of the individual(s) to which the statement or interview was given, the names and contact information of all persons present during the statement or interview, whether the statement or interview was documented or recorded in any fashion, and give a complete account of your statement or interview. If the statement was recorded or written, produce a copy of your statement or interview. [Interrogatory 12]

Most Defendant responded only by stating that they have only given statements to legal counsel, which are of course protected by the attorney client privilege. None except Defendant Gilchrist mentioned any statements given to Detective Harris, and none referenced their Jail Incident Supplement Reports. This response must be supplemented to include all statements given to anyone other than their attorneys, including those made to other agents of Muskegon County.

13

## III. CONCLUSION

Plaintiff's discovery requests pertain to information not privileged and relevant to this lawsuit. Without the answers and documents requested by Plaintiff, discovery is stalled, Plaintiff is precluded from preparing her case for trial, and motion response will suffer as will the overall purpose of adversarial proceedings, furthering truth, justice, and fairness.

**WHEREFORE**, Plaintiff Judith Cate asks this Honorable Court to grant her motion and to order Defendant to answer her discovery requests within seven days pursuant to Fed. R. Civ. P. 37 and require Defendants to pay Plaintiff's reasonable expenses incurred in making this motion, including attorney fees. Fed. R. Civ. P. 37(a)(5).

Respectfully submitted,

NACHTLAW, P.C.

/s/JOSEPH MICHAELS
Joseph Michaels (P79084)
*Attorneys for Plaintiff*
101 N. Main Street, Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
jmichaels@nachtlaw.com

Date: July 7, 2017

### PROOF OF SERVICE

I certify that on the 7th day of July, 2017, a copy of the foregoing documents were served upon the attorneys of records by the Court's Electronic Filing System. All of the attorneys of records have registered and agreed to accept service through the Court's Electronic Filing System.

Najia Haynes, Legal Assistant