# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JODY LYNN FERGUSON, as personal
representative of the ESTATE OF MARK
ERWIN FERGUSON,

        Plaintiff,

v.

MUSKEGON COUNTY, a municipal
corporation; DEAN ROESLER, in his individual
and official capacity as Muskegon County
Sheriff; LT. MARK BURNS, in his individual
and official capacity as Jail Administrator, SGT.
TODD GILCHRIST, in his individual and
official capacity as Interim Jail Administrator,
and CORRECTIONAL OFFICERS TRACY
LONGMIRE, and IVAN MORRIS, in their
individual and official capacities,

        Defendants.

Case No.  1:16-cv-1099

Hon. Paul L. Maloney

---

Nicholas B. Roumel (P37056)
Joseph X. Michaels (P79084)
NACHT & ROUMEL, P.C.
101 N. Main Street, Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
nroumel@nachtlaw.com
jmichaels@nachtlaw.com

Allan C. Vander Laan (P33893)
Joshua P. Fahlsing (P72737)
Cummings, McClorey, Davis & Acho
Attorneys for Defendants
2851 Charlevoix Dr., S.E. Suite 237
Grand Rapids, MI 49546
(616) 975-7470
avanderlaan@cmda-law.com

---

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT IVAN MORRIS

    Pursuant to Fed. R. Civ. P. 33 and 34, Plaintiff Jody Ferguson submits her First Set of

Interrogatories and First Request for Production of Documents to Defendant Ivan Morris.

## DEFINITIONS AND INSTRUCTIONS

a.      Defendant Ivan Morris' responses to these interrogatories shall be under oath pursuant to Fed. R. Civ. P. 33(b)(3).

b.      Defendant Ivan Morris' responses shall be served within thirty (30) days of the service date of these discovery requests.

c.      The terms "Defendant Ivan Morris" "you" or "your" refers to Ivan Morris and/or and any current or former agent or representative, and any person or place subject to control or access by Defendant Ivan Morris.

d.      The term "produce" means to mail copies to Plaintiff's attorney.

e.      These interrogatories are deemed continuing and Defendant Ivan Morris should supplement responses as necessary to ensure complete and accurate answers.

f.      The term "documents" has its customary broad meaning and refers to all written or electronic communications in any form, including but not limited to correspondence, memoranda, reports, notes, minutes, transcripts, emails, text messages, instant messages, voicemails, calendar entries, computer data or documents stored on computers, computer disks, or computer backup tapes, and documents or data available on hand-held electronic devices.

g.      These requests are deemed to be continuing, and the responses are to be supplemented as the existence of additional documentation becomes known to the Defendant Ivan Morris.

h.      For all documents that Defendant Ivan Morris withholds on the basis of privilege or work product, please provide a privilege log identifying the person who created the document, the intended recipients, and briefly state the content or subject matter of the document and explain the basis for the privilege.

i.   For all responsive documents that are believed to have been destroyed, please provide a log identifying or describing the document, summarizing its contents, and stating the date on which it was believed to have been destroyed and by whom.

## <u>INTERROGATORIES</u>

1.   Identify all persons who participated in, assisted with or were consulted in connection with drafting, investigation, execution, review, or consideration of responses to these discovery requests.

**<u>RESPONSE:</u>**


2.   State your full name, date and place of birth, current address, social security number, and marital status. If you have ever been known by another name, state the name along with the dates you were known by such name, and the reason such name was used.

**<u>RESPONSE</u>:**


3.   With respect to your educational history, state the name and address of each high school, vocational school, and post-secondary school attended, the dates of attendance at each school, the highest grade level or class obtained, and the formal name of each degree conferred, and the date on which such degree was conferred.

**<u>RESPONSE:</u>**


4.   If you ever served in the United States Armed Services, Coast Guard, Army National Guard, or Air National Guard, for each period of service, state the branch of military in which you served, the dates of service, all positions and ranks held, the reason for your discharge,

whether the discharge was honorable, general, other than honorable, bad conduct, or dishonorable; and, whether you were subject to any discipline punishment while in service, and if so, state the date and nature of the discipline.

**RESPONSE:**


5. State whether you been convicted of or pleaded guilty or no contest to a crime, misdemeanor or felony, other than a traffic offense classified as a civil infraction. If so, for each such crime state the nature of the crime, the date of the plea or conviction, the name of the court and the court file number, and the sentence or fine.

**RESPONSE:**


6. With respect to your employment history for the ten (10) years prior to your employment with Muskegon County, state for each employer and each position, the name, address and telephone number of each employer, the starting date and the last date worked of the employment. the title and duties of the position(s) held, and the reason(s) why the employment terminated.

**RESPONSE:**


7. Give the name, address and qualifications of each and every expert you may or will call as a witness in the trial of this case who will testify in your behalf, and state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

**RESPONSE:**

8.      Identify by brand and model (for example, Apple iPhone 6s) each cellular phone used by you from October 31, 2014 until the present and as to each phone, state:

    a.  The phone number(s) associated with each phone;

    b.  The cell phone service provider;

    c.  The account number for the cell phone service provider and the name or names on the account;

    d.  The date ranges during which you used the phone;

    e.  If you no longer use the phone, why not; and

    f.  The name, address, and telephone number of the person who currently possesses the phone.

**RESPONSE:**

9.      Identify each email account used by you from October 31, 2014 until the present and as to each account, state:

    a.  The precise email address used;

    b.  The date ranges during which you used the email account;

    c.  If you no longer use the email account, why not.

**RESPONSE:**

10.     Have you ever been arrested? If so, as to each occasion, state the date of the arrest, the address or location where the arrest was made; the offense with which you were charged, the law enforcement agency that made the arrest, whether the arrest was made pursuant to a warrant, and the eventual disposition of the charge.

**RESPONSE:**

11.     Have you ever been accused of fraud, deception, shoplifting, or dishonesty? If so, state the name, telephone number, and address of each person who made each such accusation and the act of which you were accused in each case.

**RESPONSE:**

12.     Have you ever given a statement or interview of any kind, written or oral, to any investigator, inspector, medical examiner, or law enforcement officer, including employees of Muskegon County, regarding the death of Mark Erwin Ferguson? If so, for each statement or interview, state the date and time of the statement or interview, the name, job title, employer, and contact information of the individual(s) to which the statement or interview was given, the names and contact information of all persons present during the statement or interview, whether the statement or interview was documented or recorded in any fashion, and give a complete account of your statement or interview. If the statement was recorded or written, produce a copy of your statement or interview.

**RESPONSE:**

13.     Have you or anyone acting on your behalf obtained a statement in any form from any person having anything to do with the allegations in the Complaint, whether before, at the time of, or after the events alleged in the Complaint? If so, state the name, address, and occupation of the person, the place where the statement was taken, the date that the statement was taken, and whether a written or recorded statement was taken.

**RESPONSE:**

14.     Identify all actions you have taken to preserve or retain email, text messages or phone records related to Mark Erwin Ferguson and/or his death.

**RESPONSE:**


15.     State whether any non-attorney individual, agent, or employee of Muskegon County ever instructed you to preserve or retain electronically stored information related to Mr. Ferguson and/or his death. For each instruction state the name and job title of the person who instructed you, the date on which the instruction was made, who else was present, and what specific actions you were instructed to take.

**RESPONSE:**


16.     Have you or anyone acting on your behalf caused the issuance of any subpoenas, subpoenas *duces tecum*, or Freedom of Information Act ("FOIA") Requests related to this case to any person, firm, corporation, or governmental agency and if so, provide copies of any documents or items of evidence obtained pursuant to the request and state the name and address of each person, firm, corporation, or governmental entity to whom such subpoenas or FOIA requests were directed, and the name and address of each person who responded, either in person or through furnishing written or other tangible materials.

**RESPONSE:**

## PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS

1.      Produce all documents used in preparing your response to Plaintiff's First Set of Interrogatories.

**RESPONSE:**


2.      Produce any and all documents used or referenced in drafting Defendant's Answer to Plaintiff's Complaint and Affirmative Defenses.

**RESPONSE:**


3.      Produce all documents in your possession that in any way relate to, reference, or refer to Jody Ferguson or Mark Erwin Ferguson.

**RESPONSE:**


4.      To the extent not produced in response to Document Request number 3, produce a complete copy of any written communication, in any form including, but not limited to, memoranda, emails, text messages, letters, instant messages, and/or any written or electronic documentation of any type that in any way relates, references, or refers to Jody Ferguson or Mark Erwin Ferguson.

**RESPONSE:**


5.      Produce a copy of all written or recorded statements obtained from witnesses or persons with knowledge of the information relevant to this action, including Plaintiff or Decedent Mark Erwin Ferguson.

**RESPONSE:**

6.    Produce complete copy of your telephone and text message records for the months of November and December 2014.

**RESPONSE:**

7.    Produce all audio recordings, photographs, video recordings, or depicting Mark Erwin Ferguson, dead or alive, in your possession.

**RESPONSE:**

8.    Produce any audio tapes, video recordings or other recordings, documents or communications relating to non-privileged conversations related to, referring to, or referencing Jody Ferguson, Mark Erwin Ferguson, and/or this lawsuit.

**RESPONSE:**

9.    Produce all photographs, motion pictures, maps, drawings, diagrams, measurements, surveys or other descriptions concerning the circumstances surrounding the death of Mark Erwin Ferguson.

**RESPONSE:**

10.    Produce a complete copy of every exhibit which you anticipate you may use, or intend to use, at trial, deposition, case evaluation or a motion.

**RESPONSE:**

11.     Produce a complete copy of the resume and/or curriculum vitae of each person who you expect to call as an expert witness at trial.

**RESPONSE:**


12.     Produce every document on which Defendant may rely to support its defense in this action.

**RESPONSE:**


Respectfully submitted,

NACHTLAW, PC

Joseph X. Michaels (P79084)
Attorney for Plaintiff
101 North Main Street, Suite 555
Ann Arbor, MI 48104
(734) 663-7550
jmichaels@nachtlaw.com

Dated:  January 18, 2017

The interrogatories on the previous pages were answered under oath by:

By: _____

Its: _____

Signed and sworn to before me on the _____ day of _____, 2016.

_____
Notary Public
County of _____

My Commission Expires: _____

Acting in the County of _____

**PROOF OF SERVICE**

I, Eleanor Stafford, certify that a copy of the foregoing document was served upon all counsel of record by email and by first-class mail on the 18th day of January, 2017.

_____

Eleanor Stafford, Legal Assistant

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JODY LYNN FERGUSON, as personal
representative of the ESTATE OF MARK
ERWIN FERGUSON,

      Plaintiff,

v.

MUSKEGON COUNTY, a municipal
corporation; DEAN ROESLER, in his individual
and official capacity as Muskegon County
Sheriff; LT. MARK BURNS, in his individual
and official capacity as Jail Administrator, SGT.
TODD GILCHRIST, in his individual and
official capacity as Interim Jail Administrator,
and CORRECTIONAL OFFICERS TRACY
LONGMIRE, and IVAN MORRIS, in their
individual and official capacities,

      Defendants.

Case No.  1:16-cv-1099

Hon. Paul L. Maloney

---

Nicholas B. Roumel (P37056)
Joseph X. Michaels (P79084)
NACHT & ROUMEL, P.C.
101 N. Main Street, Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
nroumel@nachtlaw.com
jmichaels@nachtlaw.com

Allan C. Vander Laan (P33893)
Joshua P. Fahlsing (P72737)
Cummings, McClorey, Davis & Acho
Attorneys for Defendants
2851 Charlevoix Dr., S.E. Suite 237
Grand Rapids, MI 49546
(616) 975-7470
avanderlaan@cmda-law.com

---

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MARK BURNS

      Pursuant to Fed. R. Civ. P. 33 and 34, Plaintiff Jody Ferguson submits her First Set of

Interrogatories and First Request for Production of Documents to Defendant Mark Burns.

### DEFINITIONS AND INSTRUCTIONS

a.      Defendant Mark Burns' responses to these interrogatories shall be under oath pursuant to Fed. R. Civ. P. 33(b)(3).

b.      Defendant Mark Burns' responses shall be served within thirty (30) days of the service date of these discovery requests.

c.      The terms "Defendant Mark Burns" "you" or "your" refers to Mark Burns and/or and any current or former agent or representative, and any person or place subject to control or access by Defendant Mark Burns.

d.      The term "produce" means to mail copies to Plaintiff's attorney.

e.      These interrogatories are deemed continuing and Defendant Mark Burns should supplement responses as necessary to ensure complete and accurate answers.

f.      The term "documents" has its customary broad meaning and refers to all written or electronic communications in any form, including but not limited to correspondence, memoranda, reports, notes, minutes, transcripts, emails, text messages, instant messages, voicemails, calendar entries, computer data or documents stored on computers, computer disks, or computer backup tapes, and documents or data available on hand-held electronic devices.

g.      These requests are deemed to be continuing, and the responses are to be supplemented as the existence of additional documentation becomes known to the Defendant Mark Burns.

h.      For all documents that Defendant Mark Burns withholds on the basis of privilege or work product, please provide a privilege log identifying the person who created the document, the intended recipients, and briefly state the content or subject matter of the document and explain the basis for the privilege.

i.      For all responsive documents that are believed to have been destroyed, please provide a log identifying or describing the document, summarizing its contents, and stating the date on which it was believed to have been destroyed and by whom.

## INTERROGATORIES

1.      Identify all persons who participated in, assisted with or were consulted in connection with drafting, investigation, execution, review, or consideration of responses to these discovery requests.

**RESPONSE:**


2.      State your full name, date and place of birth, current address, social security number, and marital status. If you have ever been known by another name, state the name along with the dates you were known by such name, and the reason such name was used.

**RESPONSE**:


3.      With respect to your educational history, state the name and address of each high school, vocational school, and post-secondary school attended, the dates of attendance at each school, the highest grade level or class obtained, and the formal name of each degree conferred, and the date on which such degree was conferred.

**RESPONSE:**


4.      If you ever served in the United States Armed Services, Coast Guard, Army National Guard, or Air National Guard, for each period of service, state the branch of military in which you served, the dates of service, all positions and ranks held, the reason for your discharge,

whether the discharge was honorable, general, other than honorable, bad conduct, or dishonorable; and, whether you were subject to any discipline punishment while in service, and if so, state the date and nature of the discipline.

**RESPONSE:**


5.      State whether you been convicted of or pleaded guilty or no contest to a crime, misdemeanor or felony, other than a traffic offense classified as a civil infraction. If so, for each such crime state the nature of the crime, the date of the plea or conviction, the name of the court and the court file number, and the sentence or fine.

**RESPONSE:**


6.      With respect to your employment history for the ten (10) years prior to your employment with Muskegon County, state for each employer and each position, the name, address and telephone number of each employer, the starting date and the last date worked of the employment. the title and duties of the position(s) held, and the reason(s) why the employment terminated.

**RESPONSE:**


7.      Give the name, address and qualifications of each and every expert you may or will call as a witness in the trial of this case who will testify in your behalf, and state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

**RESPONSE:**

8.    Identify by brand and model (for example, Apple iPhone 6s) each cellular phone used by you from October 31, 2014 until the present and as to each phone, state:

    a.   The phone number(s) associated with each phone;

    b.   The cell phone service provider;

    c.   The account number for the cell phone service provider and the name or names on the account;

    d.   The date ranges during which you used the phone;

    e.   If you no longer use the phone, why not; and

    f.   The name, address, and telephone number of the person who currently possesses the phone.

**RESPONSE:**

9.    Identify each email account used by you from October 31, 2014 until the present and as to each account, state:

    a.   The precise email address used;

    b.   The date ranges during which you used the email account;

    c.   If you no longer use the email account, why not.

**RESPONSE:**

10.    Have you ever been arrested? If so, as to each occasion, state the date of the arrest, the address or location where the arrest was made; the offense with which you were charged, the law enforcement agency that made the arrest, whether the arrest was made pursuant to a warrant, and the eventual disposition of the charge.

**RESPONSE:**

11. Have you ever been accused of fraud, deception, shoplifting, or dishonesty? If so, state the name, telephone number, and address of each person who made each such accusation and the act of which you were accused in each case.

**RESPONSE:**

12. Have you ever given a statement or interview of any kind, written or oral, to any investigator, inspector, medical examiner, or law enforcement officer, including employees of Muskegon County, regarding the death of Mark Erwin Ferguson? If so, for each statement or interview, state the date and time of the statement or interview, the name, job title, employer, and contact information of the individual(s) to which the statement or interview was given, the names and contact information of all persons present during the statement or interview, whether the statement or interview was documented or recorded in any fashion, and give a complete account of your statement or interview. If the statement was recorded or written, produce a copy of your statement or interview.

**RESPONSE:**

13. Have you or anyone acting on your behalf obtained a statement in any form from any person having anything to do with the allegations in the Complaint, whether before, at the time of, or after the events alleged in the Complaint? If so, state the name, address, and occupation of the person, the place where the statement was taken, the date that the statement was taken, and whether a written or recorded statement was taken.

**RESPONSE:**

14.     Identify all actions you have taken to preserve or retain email, text messages or phone records related to Mark Erwin Ferguson and/or his death.

**RESPONSE:**


15.     State whether any non-attorney individual, agent, or employee of Muskegon County ever instructed you to preserve or retain electronically stored information related to Mr. Ferguson and/or his death. For each instruction state the name and job title of the person who instructed you, the date on which the instruction was made, who else was present, and what specific actions you were instructed to take.

**RESPONSE:**


16.     Have you or anyone acting on your behalf caused the issuance of any subpoenas, subpoenas *duces tecum*, or Freedom of Information Act ("FOIA") Requests related to this case to any person, firm, corporation, or governmental agency and if so, provide copies of any documents or items of evidence obtained pursuant to the request and state the name and address of each person, firm, corporation, or governmental entity to whom such subpoenas or FOIA requests were directed, and the name and address of each person who responded, either in person or through furnishing written or other tangible materials.

**RESPONSE:**

## PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS

1.     Produce all documents used in preparing your response to Plaintiff's First Set of Interrogatories.

**RESPONSE:**


2.     Produce any and all documents used or referenced in drafting Defendant's Answer to Plaintiff's Complaint and Affirmative Defenses.

**RESPONSE:**


3.     Produce all documents in your possession that in any way relate to, reference, or refer to Jody Ferguson or Mark Erwin Ferguson.

**RESPONSE:**


4.     To the extent not produced in response to Document Request number 3, produce a complete copy of any written communication, in any form including, but not limited to, memoranda, emails, text messages, letters, instant messages, and/or any written or electronic documentation of any type that in any way relates, references, or refers to Jody Ferguson or Mark Erwin Ferguson.

**RESPONSE:**


5.     Produce a copy of all written or recorded statements obtained from witnesses or persons with knowledge of the information relevant to this action, including Plaintiff or Decedent Mark Erwin Ferguson.

**RESPONSE:**

6.     Produce complete copy of your telephone and text message records for the months of November and December 2014.

**RESPONSE:**

7.     Produce all audio recordings, photographs, video recordings, or depicting Mark Erwin Ferguson, dead or alive, in your possession.

**RESPONSE:**

8.     Produce any audio tapes, video recordings or other recordings, documents or communications relating to non-privileged conversations related to, referring to, or referecing Jody Ferguson, Mark Erwin Ferguson, and/or this lawsuit.

**RESPONSE:**

9.     Produce all photographs, motion pictures, maps, drawings, diagrams, measurements, surveys or other descriptions concerning the circumstances surrounding the death of Mark Erwin Ferguson.

**RESPONSE:**

10.     Produce a complete copy of every exhibit which you anticipate you may use, or intend to use, at trial, deposition, case evaluation or a motion.

**RESPONSE:**

11.     Produce a complete copy of the resume and/or curriculum vitae of each person who you expect to call as an expert witness at trial.

**RESPONSE:**


12.     Produce every document on which you may rely to support its defense in this action.

**RESPONSE:**


Respectfully submitted,

NACHTLAW, PC

Joseph X. Michaels (P79084)
Attorney for Plaintiff
101 North Main Street, Suite 555
Ann Arbor, MI 48104
(734) 663-7550
jmichaels@nachtlaw.com

Dated:  January 18, 2017

The interrogatories on the previous pages were answered under oath by:


By: _____

Its: _____


Signed and sworn to before me on the _____ day of _____, 2016.


_____
Notary Public
County of _____

My Commission Expires: _____

Acting in the County of _____

**PROOF OF SERVICE**

I, Eleanor Stafford, certify that a copy of the foregoing document was served upon all counsel of record by email and by first-class mail on the 18th day of January, 2017.

_____

Eleanor Stafford, Legal Assistant

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JODY LYNN FERGUSON, as personal
representative of the ESTATE OF MARK
ERWIN FERGUSON,

      Plaintiff,

v.

MUSKEGON COUNTY, a municipal
corporation; DEAN ROESLER, in his
individual and official capacity as Muskegon
County Sheriff; LT. MARK BURNS, in his
individual and official capacity as Jail
Administrator, SGT. TODD GILCHRIST, in
his individual and official capacity as Interim
Jail Administrator, and CORRECTIONAL
OFFICERS TRACY LONGMIRE, and IVAN
MORRIS, in their individual and official
capacities,

      Defendants.

Case No.  1:16-cv-1099

Hon. Paul L. Maloney

---

Nicholas B. Roumel (P37056)
Joseph X. Michaels (P79084)
NACHT & ROUMEL, P.C.
101 N. Main Street, Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
nroumel@nachtlaw.com
jmichaels@nachtlaw.com

Allan C. Vander Laan (P33893)
Joshua P. Fahlsing (P72737)
Cummings, McClorey, Davis & Acho
Attorneys for Defendants
2851 Charlevoix Dr., S.E. Suite 237
Grand Rapids, MI 49546
(616) 975-7470
avanderlaan@cmda-law.com

---

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MUSKEGON COUNTY

Pursuant to Fed. R. Civ. P. 33 and 34, Plaintiff Jody Ferguson submits her First Set of

Interrogatories and First Request for Production of Documents to Defendant Muskegon County.

## DEFINITIONS AND INSTRUCTIONS

a.     Defendant Muskegon County's responses to these interrogatories shall be under oath pursuant to Fed. R. Civ. P. 33(b)(3).

b.     Defendant Muskegon County's responses shall be served within thirty (30) days of the service date of these discovery requests.

c.     The terms "Defendant Muskegon County" "Defendant" "you" or "your" refers to Muskegon County and/or and any current or former agent or representative, and any person or place subject to control or access by Defendant Muskegon County.

d.     The term "produce" means to mail copies to Plaintiff's attorney.

e.     These interrogatories are deemed continuing and Defendant Muskegon County should supplement responses as necessary to ensure complete and accurate answers.

f.     The term "documents" has its customary broad meaning and refers to all written or electronic communications in any form, including but not limited to correspondence, memoranda, reports, notes, minutes, transcripts, emails, text messages, instant messages, voicemails, calendar entries, computer data or documents stored on computers, computer disks, or computer backup tapes, and documents or data available on hand-held electronic devices.

g.     These requests are deemed to be continuing, and the responses are to be supplemented as the existence of additional documentation becomes known to the Defendant Muskegon County.

h.     For all documents that Defendant Muskegon County withholds on the basis of privilege or work product, please provide a privilege log identifying the person who created the document, the intended recipients, and briefly state the content or subject matter of the document and explain the basis for the privilege.

i.   For all responsive documents that are believed to have been destroyed, please provide a log identifying or describing the document, summarizing its contents, and stating the date on which it was believed to have been destroyed and by whom.

## **INTERROGATORIES**

1.   Identify all persons who participated in, assisted with or were consulted in connection with drafting, investigation, execution, review, or consideration of responses to these discovery requests.

**RESPONSE:**

2.   Identify by name and job title all Sheriff deputies who had responsibility for overseeing Mr. Ferguson and/or the area known as 2W during the duration of Mr. Ferguson's incarceration, and the dates and times of such responsibilities.

**RESPONSE:**

3.   Identify all inmates housed with Mr. Ferguson in the area known as 2W at any time during Mr. Ferguson's incarceration, and state any and all identifying contact information, including but not limited to phone number and address.

**RESPONSE:**

4.   Identify by name and job title all Sherriff deputies and command personnel on-duty at the time of Mr. Ferguson's death.

**RESPONSE:**

5.      Identify by name and job title all individuals present at the "critical incident debriefing" that occurred on or around 1:00pm November 19, 2014 regarding the death of Mark Erwin Ferguson.

**RESPONSE:**

6.      For each of the images attached in Exhibit A, please identify the following:

   a.   The name, job title, and employer of each individual seen using a cell phone or electronic device;

   b.   Provide the phone number, device make, model, and serial number, and phone carrier for each device pictured;

   c.   State all methods used to preserve or retain electronically stored information on these devices that may relate to Mr. Ferguson or his death.

**RESPONSE:**

7.      Identify all actions the County has undertaken to preserve or retain documents and electronically stored email, text messages or phone calls related to Mr. Ferguson and/or his death, including those on personal devices, and state the date of any such action, the individual(s) responsible for such action, and the specific actions taken.

**RESPONSE:**

8.      Identify each and every attempted suicide by an inmate at the Muskegon County Jail in the past ten (10) years, stating the date of the suicide attempt, the name and contact information of the inmate involved, the method of suicide used, whether the inmate died as a result of the suicide attempt, whether an investigation was performed regarding the suicide attempt, and

what if any changes to policies or procedures Muskegon County instituted as a result of the suicide attempt.

**RESPONSE:**


9.      State whether Muskegon County and/or any of Defendant's employees, agents, and/or servants, including private investigators conducted any investigation of any type regarding Jody Ferguson and/or the death of Mark Erwin Ferguson and identify, by name, job title and/or position with Defendant, last known address and telephone number, all dates of employment with Defendant, each person who conducted, or assisted in conducting any such investigation and describe the nature of the investigation and any actions taken as a result of the investigation.

**RESPONSE:**


10.      So that Plaintiff can timely determine who to depose, state the name, current or last known address and telephone number, and sex of every fact witness known to Defendant who has knowledge of any discoverable matter, including but not limited to the incident or incidents that are alleged as the basis for Defendant's defenses briefly describing the subject matter about which each witness is believed to have knowledge.

**RESPONSES:**


11.      Identify each person whom Defendant expects to call as an expert witness at trial stating the subject matter, facts, and opinions about which each expert is expected to testify and the grounds for each opinion.

**RESPONSE:**

12.     State the factual basis for each affirmative defense asserted by Defendant Muskegon County in its Answer to Plaintiff's Complaint.

**RESPONSE:**


## PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS

1.      Produce all documents relied upon, used, or reference in preparing Defendant Muskegon County's response to Plaintiff's First Set of Interrogatories.

**RESPONSE:**


2.      Produce any and all documents relied upon, used, or referenced in drafting Defendant Muskegon County's Answer to Plaintiff's Complaint and Affirmative Defenses.

**RESPONSE:**


3.      Produce all documents that in any way relate to, reference, or refer to Jody Ferguson or Mark Erwin Ferguson.

**RESPONSE:**


4.      Produce a complete copy of any written communication, in any form including, but not limited to, memoranda, emails, letters, text messages, instant messages, and/or any written or electronic communication of any type, sent or received by Defendant(s) and/or any of its agents, servants, and/or employees regarding Mark Erwin Ferguson, his death, or any investigation related to Mr. Ferguson's death. This request specifically includes any messages sent or received by

employees of Defendant Muskegon County on personal or private devices, including those identified in interrogatory #2.

**RESPONSE:**

5.    Produce a copy of all written or recorded statements obtained from witnesses or persons with knowledge of the information relevant to this action, including Plaintiff or Decedent Mark Erwin Ferguson.

**RESPONSE:**

6.    Produce complete copy of the telephone and text message records for the months of November and December 2014 for the devices/cell phone numbers identified in response to Interrogatory No. 6.

**RESPONSE:**

7.    Produce all audio recordings, photographs, video recordings, or depicting Mark Erwin Ferguson, dead or alive.

**RESPONSE:**

8.    Produce all audio recordings, photographs, video recordings, or depicting Jody Ferguson.

**RESPONSE:**

9.      Produce all photographs, motion pictures, maps, drawings, diagrams, measurements, surveys or other descriptions concerning the circumstances surrounding the death of Mark Erwin Ferguson.

**RESPONSE:**

10.     Produce any audio tapes, video recordings or other recordings, documents or communications relating to non-privileged conversations related to, referring to, or referencing Jody Ferguson, Mark Erwin Ferguson, and/or this lawsuit.

**RESPONSE:**

11.     Produce a complete copy of any personal files, notes, or writings of any kind, including electronic documents, regarding Plaintiff created or maintained by Defendant and/or any of Defendant's employees, agents, servants, and/or representatives.

**RESPONSE:**

12.     Produce Ivan Morris' personnel file.

**RESPONSE:**

13.     Produce Todd Gilchrist's personnel file.

**RESPONSE:**

14.     Produce Mark Burns' personnel file.

**RESPONSE:**

15.     Produce Tracy Longmire's personnel file.

**RESPONSE:**


16.     Produce Dean Roesler's personnel file.

**RESPONSE:**


17.     Produce Darryl Hairston's personnel file.

**RESPONSE:**


18.     Produce all documents related to accusations of excessive force, or failure to medically intervene against any of the deputies who had supervision of Mark Erwin Ferguson.

**RESPONSE:**


19.     Produce all documents related to Muskegon County's policies, practices, and procedures regarding inmate mental health, including but not limited to, suicide prevention, suicide screening, suicide watch, and suicide intervention.

**RESPONSE:**


20.     Produce all documents related to Muskegon County's policies, practices, and procedures regarding the use of electronic devices and services, including cell phones, text message, and internet. This includes the use of personal devices or services while on work-time or to discuss work related matters.

**RESPONSE:**

21.     Produce all documents related to Muskegon County's policies, practices, and procedures regarding inmate medical treatment, including physical examinations. This includes the County's practices, policies, and procedures utilized to implement state and federal law prisoner health requirements.

**RESPONSE:**

22.     Produce all documents related to Muskegon County's policies, practices, and procedures regarding investigations related to inmate deaths, including its policies, practices, and procedures regarding the referral of investigation to outside agencies.

**RESPONSE:**

23.     Produce all documents related to Muskegon County's policies, practices, and procedures regarding documentation of inmate interactions or behavior, including but not limited to, jail incidents, inmate health emergencies, suicide risk, and inmate deaths.

**RESPONSE:**

24.     Produce all documents related to Muskegon County's policies, practices, and procedures regarding inmate observation by Sherriff deputies, including policies regarding "rounds" or similar intermittent observations of inmates.

**RESPONSE:**

25.     Produce all documents related to Muskegon County's policies, practices, and procedures regarding regulation of inmate cell conditions, including regarding the covering of cell windows.

**RESPONSE:**

26.     Produce all documents related to Muskegon County's policies, practices, and procedures regarding inmate privacy.

**RESPONSE:**

27.     Produce all documents related to Muskegon County's policies, practices, and procedures regarding notification of families after inmate death, including the policies, practice, and procedures of the Victim Services Unit.

**RESPONSE:**

28.     Produce all documents related to Muskegon County's policies, practices, and procedures regarding inmate requests for medical assistance, including the handling, processing and retention of jail "kites."

**RESPONSE:**

29.     Produce all documents related to Muskegon County's policies, practices, and procedures regarding inmate visitation and financial deposits into jail accounts.

**RESPONSE:**

30. Produce all documents related to Muskegon County's policies, practices, and procedures regarding inmate segregation or housing assignments.

**RESPONSE:**

31. Produce all documents related to Muskegon County's policies, practices, and procedures regarding the processing or booking of new inmates, including health and mental health screenings.

**RESPONSE:**

32. Produce all documents related to Muskegon County's policies, practices, and procedures regarding document retention.

**RESPONSE:**

33. Produce all documents related to Muskegon County's training, screening, and supervision of its employees regarding Muskegon County's policies, practices and procedures stated in document requests Nos. 19-32.

**RESPONSE:**

34. Produce all documents related to Muskegon County's contracts and related agreements with any third party to provide inmate health or inmate mental health.

**RESPONSE:**

35.     Produce Mark Erwin Ferguson's jail account summary, statement, or similar document reflecting the account balance and/or deposits and withdraws.

**RESPONSE:**


36.     Please produce the document that Defendant Todd Gilchrist places in his pocket in the image attached here as Exhibit B.

**RESPONSE:**


37.     Produce all documents discussed during, related to, or generated as a result of the "critical incident debriefing" that occurred at 1:00pm November 19, 2014 regarding the death of Mark Erwin Ferguson, including any notes, memorandum, sign in sheets or other documents.

**RESPONSE:**


38.     All documents relating to prior suicide or suicide attempts by inmates at the Muskegon County Jail.

**RESPONSE:**


39.     All documents reflecting Muskegon County's efforts to preserve, retain or prevent the spoliation of documents related to Mark Erwin Ferguson's death in response to Plaintiff's counsel's preservation letter received by Muskegon County.

**RESPONSE:**

40.     Produce a complete copy of the resume and/or curriculum vitae of each person whom Defendant expects to call as an expert witness at trial.

**RESPONSE:**


41.     If Defendant has caused the issuance of any subpoena or subpoena *duces tecum* in this cause to any person, firm, corporation or entity without accompanying it a Notice of Deposition, or without providing a copy to Plaintiff produce a complete copy of each subpoena and every document received in response to such subpoena.

**RESPONSE:**


42.     Produce a complete copy of any and all computer records, including but not limited to E-mail or its equivalent, appointment books, calendars, diaries, chronologies, notes, or other writings or recordings of any kind or piece of tangible evidence generated and/or maintained by Defendant that refers or relates to Mark Ferguson, any claim in this lawsuit, and/or any defense asserted in this lawsuit.

**RESPONSE:**


43.     Produce a complete copy of any and all records, memoranda, notations, statements, summaries and all other documents, including, but not limited to, all computer and electronic records, relating to the matter in controversy which were authored by Defendant and/or any of Defendant's agents, servants, and/or employees or which Defendant and/or any of Defendant's agents, servants, and/or employees obtained from, or as a result of interviewing any person

purporting to have knowledge or information concerning the matters addressed in Plaintiff's Complaint, Defendant's defenses.

**RESPONSE:**

44.     Produce a complete copy of any and all documents, records, correspondence, memoranda, personal notes and the like, authored by Defendant and/or any of Defendant's agents, servants, and/or employees, which support or concern Defendant's defenses in this case.

**RESPONSE:**

45.     Produce all documents refer to, reference, or relate to Defendant's organizational structure or reporting duties, including any organization charts or graphs, in effect during Mr. Ferguson's incarceration.

**RESPONSE:**

46.     Produce a complete copy of every exhibit which Defendant anticipates it may use, or intends to use, at trial, deposition, case evaluation or a motion.

**RESPONSE:**

47.     Produce a complete copy of the resume and/or curriculum vitae of each person whom Defendant expects to call as an expert witness at trial.

**RESPONSE:**

48.    Produce every document on which Defendant may rely to support its defense in this action.

**RESPONSE:**

Respectfully submitted,

NACHTLAW, PC

Joseph X. Michaels (P79084)
Attorney for Plaintiff
101 North Main Street, Suite 555
Ann Arbor, MI 48104
(734) 663-7550
jmichaels@nachtlaw.com

Dated:  January 18, 2017

**PROOF OF SERVICE**

I certify that a copy of the foregoing document was served upon all counsel of record by email and by first-class mail on the 18th day of January, 2017.

Eleanor Stafford, Legal Assistant

# Exhibit A









































































# Exhibit B



**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JODY LYNN FERGUSON, as personal
representative of the ESTATE OF MARK
ERWIN FERGUSON,

      Plaintiff,

v.

MUSKEGON COUNTY, a municipal
corporation; DEAN ROESLER, in his individual
and official capacity as Muskegon County
Sheriff; LT. MARK BURNS, in his individual
and official capacity as Jail Administrator, SGT.
TODD GILCHRIST, in his individual and
official capacity as Interim Jail Administrator,
and CORRECTIONAL OFFICERS TRACY
LONGMIRE, and IVAN MORRIS, in their
individual and official capacities,

      Defendants.

Case No.  1:16-cv-1099

Hon. Paul L. Maloney

| | |
|---|---|
| Nicholas B. Roumel (P37056) | Allan C. Vander Laan (P33893) |
| Joseph X. Michaels (P79084) | Joshua P. Fahlsing (P72737) |
| NACHT & ROUMEL, P.C. | Cummings, McClorey, Davis & Acho |
| 101 N. Main Street, Ste. 555 | Attorneys for Defendants |
| Ann Arbor, MI 48104 | 2851 Charlevoix Dr., S.E. Suite 237 |
| (734) 663-7550 | Grand Rapids, MI 49546 |
| nroumel@nachtlaw.com | (616) 975-7470 |
| jmichaels@nachtlaw.com | avanderlaan@cmda-law.com |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TODD GILCHRIST

Pursuant to Fed. R. Civ. P. 33 and 34, Plaintiff Jody Ferguson submits her First Set of

Interrogatories and First Request for Production of Documents to Defendant Todd Gilchrist.

## DEFINITIONS AND INSTRUCTIONS

a.      Defendant Todd Gilchrist' responses to these interrogatories shall be under oath pursuant to Fed. R. Civ. P. 33(b)(3).

b.      Defendant Todd Gilchrist' responses shall be served within thirty (30) days of the service date of these discovery requests.

c.      The terms "Defendant Todd Gilchrist" "you" or "your" refers to Todd Gilchrist and/or and any current or former agent or representative, and any person or place subject to control or access by Defendant Todd Gilchrist.

d.      The term "produce" means to mail copies to Plaintiff's attorney.

e.      These interrogatories are deemed continuing and Defendant Todd Gilchrist should supplement responses as necessary to ensure complete and accurate answers.

f.      The term "documents" has its customary broad meaning and refers to all written or electronic communications in any form, including but not limited to correspondence, memoranda, reports, notes, minutes, transcripts, emails, text messages, instant messages, voicemails, calendar entries, computer data or documents stored on computers, computer disks, or computer backup tapes, and documents or data available on hand-held electronic devices.

g.      These requests are deemed to be continuing, and the responses are to be supplemented as the existence of additional documentation becomes known to the Defendant Todd Gilchrist.

h.      For all documents that Defendant Todd Gilchrist withholds on the basis of privilege or work product, please provide a privilege log identifying the person who created the document, the intended recipients, and briefly state the content or subject matter of the document and explain the basis for the privilege.

i.    For all responsive documents that are believed to have been destroyed, please provide a log identifying or describing the document, summarizing its contents, and stating the date on which it was believed to have been destroyed and by whom.

## **INTERROGATORIES**

1.    Identify all persons who participated in, assisted with or were consulted in connection with drafting, investigation, execution, review, or consideration of responses to these discovery requests.

**RESPONSE:**


2.    State your full name, date and place of birth, current address, social security number, and marital status. If you have ever been known by another name, state the name along with the dates you were known by such name, and the reason such name was used.

**RESPONSE**:


3.    With respect to your educational history, state the name and address of each high school, vocational school, and post-secondary school attended, the dates of attendance at each school, the highest grade level or class obtained, and the formal name of each degree conferred, and the date on which such degree was conferred.

**RESPONSE:**


4.    If you ever served in the United States Armed Services, Coast Guard, Army National Guard, or Air National Guard, for each period of service, state the branch of military in which you served, the dates of service, all positions and ranks held, the reason for your discharge,

whether the discharge was honorable, general, other than honorable, bad conduct, or dishonorable; and, whether you were subject to any discipline punishment while in service, and if so, state the date and nature of the discipline.

**RESPONSE:**

5.      State whether you been convicted of or pleaded guilty or no contest to a crime, misdemeanor or felony, other than a traffic offense classified as a civil infraction. If so, for each such crime state the nature of the crime, the date of the plea or conviction, the name of the court and the court file number, and the sentence or fine.

**RESPONSE:**

6.      With respect to your employment history for the ten (10) years prior to your employment with Muskegon County, state for each employer and each position, the name, address and telephone number of each employer, the starting date and the last date worked of the employment. the title and duties of the position(s) held, and the reason(s) why the employment terminated.

**RESPONSE:**

7.      Give the name, address and qualifications of each and every expert you may or will call as a witness in the trial of this case who will testify in your behalf, and state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

**RESPONSE:**

8.      Identify by brand and model (for example, Apple iPhone 6s) each cellular phone used by you from October 31, 2014 until the present and as to each phone, state:

    a. The phone number(s) associated with each phone;

    b. The cell phone service provider;

    c. The account number for the cell phone service provider and the name or names on the account;

    d. The date ranges during which you used the phone;

    e. If you no longer use the phone, why not; and

    f. The name, address, and telephone number of the person who currently possesses the phone.

**RESPONSE:**

9.      Identify each email account used by you from October 31, 2014 until the present and as to each account, state:

    a. The precise email address used;

    b. The date ranges during which you used the email account;

    c. If you no longer use the email account, why not.

**RESPONSE:**

10.      Have you ever been arrested? If so, as to each occasion, state the date of the arrest, the address or location where the arrest was made; the offense with which you were charged, the law enforcement agency that made the arrest, whether the arrest was made pursuant to a warrant, and the eventual disposition of the charge.

**RESPONSE:**

11.     Have you ever been accused of fraud, deception, shoplifting, or dishonesty? If so, state the name, telephone number, and address of each person who made each such accusation and the act of which you were accused in each case.

**RESPONSE:**


12.     Have you ever given a statement or interview of any kind, written or oral, to any investigator, inspector, medical examiner, or law enforcement officer, including employees of Muskegon County, regarding the death of Mark Erwin Ferguson? If so, for each statement or interview, state the date and time of the statement or interview, the name, job title, employer, and contact information of the individual(s) to which the statement or interview was given, the names and contact information of all persons present during the statement or interview, whether the statement or interview was documented or recorded in any fashion, and give a complete account of your statement or interview. If the statement was recorded or written, produce a copy of your statement or interview.

**RESPONSE:**


13.     Have you or anyone acting on your behalf obtained a statement in any form from any person having anything to do with the allegations in the Complaint, whether before, at the time of, or after the events alleged in the Complaint? If so, state the name, address, and occupation of the person, the place where the statement was taken, the date that the statement was taken, and whether a written or recorded statement was taken.

**RESPONSE:**

14.     Identify all actions you have taken to preserve or retain email, text messages or phone records related to Mark Erwin Ferguson and/or his death.

**RESPONSE:**


15.     State whether any non-attorney individual, agent, or employee of Muskegon County ever instructed you to preserve or retain electronically stored information related to Mr. Ferguson and/or his death. For each instruction state the name and job title of the person who instructed you, the date on which the instruction was made, who else was present, and what specific actions you were instructed to take.

**RESPONSE:**


16.     Have you or anyone acting on your behalf caused the issuance of any subpoenas, subpoenas *duces tecum*, or Freedom of Information Act ("FOIA") Requests related to this case to any person, firm, corporation, or governmental agency and if so, provide copies of any documents or items of evidence obtained pursuant to the request and state the name and address of each person, firm, corporation, or governmental entity to whom such subpoenas or FOIA requests were directed, and the name and address of each person who responded, either in person or through furnishing written or other tangible materials.

**RESPONSE:**


17.     Identify the document you placed in your breast pocket in the attached photograph.

**RESPONSE:**

## PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS

1.      Produce all documents used in preparing your response to Plaintiff's First Set of Interrogatories.

**RESPONSE:**


2.      Produce any and all documents used or referenced in drafting Defendant's Answer to Plaintiff's Complaint and Affirmative Defenses.

**RESPONSE:**


3.      Produce all documents in your possession that in any way relate to, reference, or refer to Jody Ferguson or Mark Erwin Ferguson.

**RESPONSE:**


4.      To the extent not produced in response to Document Request number 3, produce a complete copy of any written communication, in any form including, but not limited to, memoranda, emails, text messages, letters, instant messages, and/or any written or electronic documentation of any type that in any way relates, references, or refers to Jody Ferguson or Mark Erwin Ferguson.

**RESPONSE:**


5.      Produce a copy of all written or recorded statements obtained from witnesses or persons with knowledge of the information relevant to this action, including Plaintiff or Decedent Mark Erwin Ferguson.

**RESPONSE:**

6.    Produce complete copy of your telephone and text message records for the months of November and December 2014.

**RESPONSE:**

7.    Produce all audio recordings, photographs, video recordings, or depicting Mark Erwin Ferguson, dead or alive, in your possession.

**RESPONSE:**

8.    Produce any audio tapes, video recordings or other recordings, documents or communications relating to non-privileged conversations related to, referring to, or referecing Jody Ferguson, Mark Erwin Ferguson, and/or this lawsuit.

**RESPONSE:**

9.    Produce all photographs, motion pictures, maps, drawings, diagrams, measurements, surveys or other descriptions concerning the circumstances surrounding the death of Mark Erwin Ferguson.

**RESPONSE:**

10.    Produce a complete copy of every exhibit you anticipate you may use, or intend to use, at trial, deposition, case evaluation or a motion.

**RESPONSE:**

11.     Produce a complete copy of the resume and/or curriculum vitae of each person who you expect to call as an expert witness at trial.

**RESPONSE:**


12.     Produce every document on which Defendant may rely to support its defense in this action.

**RESPONSE:**


13.     Produce the document you placed in your breast pocket in the attached photograph.

**RESPONSE:**


Respectfully submitted,

NACHTLAW, PC

Joseph X. Michaels (P79084)
Attorney for Plaintiff
101 North Main Street, Suite 555
Ann Arbor, MI 48104
(734) 663-7550
jmichaels@nachtlaw.com

Dated:  January 18, 2017

The interrogatories on the previous pages were answered under oath by:


By: _____

Its: _____


Signed and sworn to before me on the _____ day of _____, 2016.

_____
Notary Public
County of _____

My Commission Expires: _____

Acting in the County of _____

**PROOF OF SERVICE**

I, Eleanor Stafford, certify that a copy of the foregoing document was served upon all counsel of record by email and by first-class mail on the 18th day of January, 2017.

Eleanor Stafford, Legal Assistant

# Exhibit A



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JODY LYNN FERGUSON, as personal
representative of the ESTATE OF MARK
ERWIN FERGUSON,

       Plaintiff,

v.

MUSKEGON COUNTY, a municipal
corporation; DEAN ROESLER, in his individual
and official capacity as Muskegon County
Sheriff; LT. MARK BURNS, in his individual
and official capacity as Jail Administrator, SGT.
TODD GILCHRIST, in his individual and
official capacity as Interim Jail Administrator,
and CORRECTIONAL OFFICERS TRACY
LONGMIRE, and IVAN MORRIS, in their
individual and official capacities,

       Defendants.

Case No.  1:16-cv-1099

Hon. Paul L. Maloney

---

Nicholas B. Roumel (P37056)
Joseph X. Michaels (P79084)
NACHT & ROUMEL, P.C.
101 N. Main Street, Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
nroumel@nachtlaw.com
jmichaels@nachtlaw.com

Allan C. Vander Laan (P33893)
Cummings, McClorey, Davis & Acho
Attorneys for Defendants
2851 Charlevoix Dr., S.E. Suite 237
Grand Rapids, MI 49546
(616) 975-7470
avanderlaan@cmda-law.com

---

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TRACY LONGMIRE

      Pursuant to Fed. R. Civ. P. 33 and 34, Plaintiff Jody Ferguson submits her First Set of

Interrogatories and First Request for Production of Documents to Defendant Tracy Longmire.

### DEFINITIONS AND INSTRUCTIONS

a.      Defendant Tracy Longmire' responses to these interrogatories shall be under oath pursuant to Fed. R. Civ. P. 33(b)(3).

b.      Defendant Tracy Longmire' responses shall be served within thirty (30) days of the service date of these discovery requests.

c.      The terms "Defendant Tracy Longmire" "you" or "your" refers to Tracy Longmire and/or and any current or former agent or representative, and any person or place subject to control or access by Defendant Tracy Longmire.

d.      The term "produce" means to mail copies to Plaintiff's attorney.

e.      These interrogatories are deemed continuing and Defendant Tracy Longmire should supplement responses as necessary to ensure complete and accurate answers.

f.      The term "documents" has its customary broad meaning and refers to all written or electronic communications in any form, including but not limited to correspondence, memoranda, reports, notes, minutes, transcripts, emails, text messages, instant messages, voicemails, calendar entries, computer data or documents stored on computers, computer disks, or computer backup tapes, and documents or data available on hand-held electronic devices.

g.      These requests are deemed to be continuing, and the responses are to be supplemented as the existence of additional documentation becomes known to the Defendant Tracy Longmire.

h.      For all documents that Defendant Tracy Longmire withholds on the basis of privilege or work product, please provide a privilege log identifying the person who created the document, the intended recipients, and briefly state the content or subject matter of the document and explain the basis for the privilege.

i.      For all responsive documents that are believed to have been destroyed, please provide a log identifying or describing the document, summarizing its contents, and stating the date on which it was believed to have been destroyed and by whom.

## INTERROGATORIES

1.      Identify all persons who participated in, assisted with or were consulted in connection with drafting, investigation, execution, review, or consideration of responses to these discovery requests.

**RESPONSE:**


2.      State your full name, date and place of birth, current address, social security number, and marital status. If you have ever been known by another name, state the name along with the dates you were known by such name, and the reason such name was used.

**RESPONSE**:


3.      With respect to your educational history, state the name and address of each high school, vocational school, and post-secondary school attended, the dates of attendance at each school, the highest grade level or class obtained, and the formal name of each degree conferred, and the date on which such degree was conferred.

**RESPONSE:**


4.      If you ever served in the United States Armed Services, Coast Guard, Army National Guard, or Air National Guard, for each period of service, state the branch of military in which you served, the dates of service, all positions and ranks held, the reason for your discharge,

whether the discharge was honorable, general, other than honorable, bad conduct, or dishonorable; and, whether you were subject to any discipline punishment while in service, and if so, state the date and nature of the discipline.

**RESPONSE:**

5.      State whether you been convicted of or pleaded guilty or no contest to a crime, misdemeanor or felony, other than a traffic offense classified as a civil infraction. If so, for each such crime state the nature of the crime, the date of the plea or conviction, the name of the court and the court file number, and the sentence or fine.

**RESPONSE:**

6.      With respect to your employment history for the ten (10) years prior to your employment with Muskegon County, state for each employer and each position, the name, address and telephone number of each employer, the starting date and the last date worked of the employment. the title and duties of the position(s) held, and the reason(s) why the employment terminated.

**RESPONSE:**

7.      Give the name, address and qualifications of each and every expert you may or will call as a witness in the trial of this case who will testify in your behalf, and state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

**RESPONSE:**

8.      Identify by brand and model (for example, Apple iPhone 6s) each cellular phone used by you from October 31, 2014 until the present and as to each phone, state:

      a. The phone number(s) associated with each phone;

      b. The cell phone service provider;

      c. The account number for the cell phone service provider and the name or names on the account;

      d. The date ranges during which you used the phone;

      e. If you no longer use the phone, why not; and

      f. The name, address, and telephone number of the person who currently possesses the phone.

**RESPONSE:**

9.      Identify each email account used by you from October 31, 2014 until the present and as to each account, state:

      a. The precise email address used;

      b. The date ranges during which you used the email account;

      c. If you no longer use the email account, why not.

**RESPONSE:**

10.     Have you ever been arrested? If so, as to each occasion, state the date of the arrest, the address or location where the arrest was made; the offense with which you were charged, the law enforcement agency that made the arrest, whether the arrest was made pursuant to a warrant, and the eventual disposition of the charge.

**RESPONSE:**

11.     Have you ever been accused of fraud, deception, shoplifting, or dishonesty? If so, state the name, telephone number, and address of each person who made each such accusation and the act of which you were accused in each case.

**RESPONSE:**

12.     Have you ever given a statement or interview of any kind, written or oral, to any investigator, inspector, medical examiner, or law enforcement officer, including employees of Muskegon County, regarding the death of Mark Erwin Ferguson? If so, for each statement or interview, state the date and time of the statement or interview, the name, job title, employer, and contact information of the individual(s) to which the statement or interview was given, the names and contact information of all persons present during the statement or interview, whether the statement or interview was documented or recorded in any fashion, and give a complete account of your statement or interview. If the statement was recorded or written, produce a copy of your statement or interview.

**RESPONSE:**

13.     Have you or anyone acting on your behalf obtained a statement in any form from any person having anything to do with the allegations in the Complaint, whether before, at the time of, or after the events alleged in the Complaint? If so, state the name, address, and occupation of the person, the place where the statement was taken, the date that the statement was taken, and whether a written or recorded statement was taken.

**RESPONSE:**

14.     Identify all actions you have taken to preserve or retain email, text messages or phone records related to Mark Erwin Ferguson and/or his death.

**RESPONSE:**


15.     State whether any non-attorney individual, agent, or employee of Muskegon County ever instructed you to preserve or retain electronically stored information related to Mr. Ferguson and/or his death. For each instruction state the name and job title of the person who instructed you, the date on which the instruction was made, who else was present, and what specific actions you were instructed to take.

**RESPONSE:**


16.     Have you or anyone acting on your behalf caused the issuance of any subpoenas, subpoenas *duces tecum*, or Freedom of Information Act ("FOIA") Requests related to this case to any person, firm, corporation, or governmental agency and if so, provide copies of any documents or items of evidence obtained pursuant to the request and state the name and address of each person, firm, corporation, or governmental entity to whom such subpoenas or FOIA requests were directed, and the name and address of each person who responded, either in person or through furnishing written or other tangible materials.

**RESPONSE:**

## PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS

1.      Produce all documents used in preparing your response to Plaintiff's First Set of Interrogatories.

**RESPONSE:**


2.      Produce any and all documents used or referenced in drafting Defendant's Answer to Plaintiff's Complaint and Affirmative Defenses.

**RESPONSE:**


3.      Produce all documents in your possession that in any way relate to, reference, or refer to Jody Ferguson or Mark Erwin Ferguson.

**RESPONSE:**


4.      To the extent not produced in response to Document Request number 3, produce a complete copy of any written communication, in any form including, but not limited to, memoranda, emails, text messages, letters, instant messages, and/or any written or electronic documentation of any type that in any way relates, references, or refers to Jody Ferguson or Mark Erwin Ferguson.

**RESPONSE:**


5.      Produce a copy of all written or recorded statements obtained from witnesses or persons with knowledge of the information relevant to this action, including Plaintiff or Decedent Mark Erwin Ferguson.

**RESPONSE:**

6.      Produce complete copy of your telephone and text message records for the months of November and December 2014.

**RESPONSE:**

7.      Produce all audio recordings, photographs, video recordings, or depicting Mark Erwin Ferguson, dead or alive, in your possession.

**RESPONSE:**

8.      Produce any audio tapes, video recordings or other recordings, documents or communications relating to non-privileged conversations related to, referring to, or referecing Jody Ferguson, Mark Erwin Ferguson, and/or this lawsuit.

**RESPONSE:**

9.      Produce all photographs, motion pictures, maps, drawings, diagrams, measurements, surveys or other descriptions concerning the circumstances surrounding the death of Mark Erwin Ferguson.

**RESPONSE:**

10.      Produce a complete copy of every exhibit which you anticipate you may use, or intend to use, at trial, deposition, case evaluation or a motion.

**RESPONSE:**

11.     Produce a complete copy of the resume and/or curriculum vitae of each person who you expect to call as an expert witness at trial.

**RESPONSE:**


12.     Produce every document on which Defendant may rely to support its defense in this action.

**RESPONSE:**


Respectfully submitted,

                                        NACHTLAW, PC

                                        Joseph X. Michaels (P79084)
                                        Attorney for Plaintiff
                                        101 North Main Street, Suite 555
                                        Ann Arbor, MI 48104
                                        (734) 663-7550
Dated:  January 18, 2017                jmichaels@nachtlaw.com

The interrogatories on the previous pages were answered under oath by:


By: _____

Its: _____

Signed and sworn to before me on the _____ day of _____, 2016.

_____
Notary Public
County of _____

My Commission Expires: _____

Acting in the County of _____

**PROOF OF SERVICE**

I, Eleanor Stafford, certify that a copy of the foregoing document was served upon all counsel of record by email and by first-class mail on the 18th day of January, 2017.

_____

Eleanor Stafford, Legal Assistant